**THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

CIVIL ACTION NO.: 3:24-cv-10

IN RE:

SHERMAN JOHNSON, JR,

28 U.S. Code § 1331; 42 U.S. Code § 1983

---

**COMPLAINT OF SHERMAN JOHNSON, JR**

---

**JURISDICTON AND VENUE:**

Plaintiff, SHERMAN JOHNSON, JR, are persons of full age and majority domiciled in the City of Sheridan, Oregon. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Consequently, subject matter jurisdiction of this Honorable Court is proper.

This Honorable Court has subject matter jurisdiction over this claim as follows: Plaintiff alleges that the federal government withheld exculpatory evidence acts of negligence against defendant pursuant 28 U.S. Code § 1331; 42 U.S. Code § 1983; 4th, 6th and 14th amendment.

The foregmentioned exculpatory evidence is currently held at the El Paso Intelligence Center (EPIC), James R. Reed, Director of the El Paso Intelligence Center, 11339 Ssg Sims St, Fort Bliss, TX 79918, and a Texas Domiciliary and within the territorial bounds of this court. Therefore, venue is proper in this court.

**COUNT 1 - CAUSE OF ACTION:**

On June 21, 2016, Douglas County Deputy Sheriff Eric Olson stopped a van traveling near Omaha, Nebraska, for following too closely to another vehicle. The van's driver was Sarkis

1

Labachyan.  Sherman Johnson, Jr. was in the front passenger seat.    After Labachyan handed Deputy Olson the rental agreement for the van and his driver's license, Deputy Olson escorted Labachyan back to the patrol car, where Deputy Olson conducted a record check.

Deputy Olson asked Labachyan where the men were heading.  Labachyan told Deputy Olson that he and Johnson were traveling straight through from California to East Moline, Illinois, to visit Johnson's Aunt Dorothy, who had just been discharged from the hospital.  Deputy Olson then returned to the van to speak to Johnson, whose name was on the van's rental agreement.  Johnson gave a different version of the men's itinerary, stating the two planned to stop in Lincoln, Nebraska, in route to Illinois, and that they were to visit his Aunt Jeannette there.  Growing suspicious, Deputy Olson returned to his patrol car to complete his record check.

During the record check, Deputy Olson discovered that Labachyan and Johnson had two months prior on April 16, 2016, been stopped in a vehicle in Lancaster County, Nebraska.  During that stop, SGT. Jason Mayo of the Lancaster County Sheriff's office, Lincoln, Nebraska searched the vehicle and found a blowup mattress, a small amount of marijuana, and $19,000 cash sorted into three envelopes with "Spanish' names written on them.  With no other indicia of criminal activity, the two were allowed to leave.

After learning of this incident Deputy Olson asked for and received consent from Johnson to search the van.  When Johnson consented, Labachyan asked to speak with him.  Deputy Olson denied the request, and along with another officer, searched the van.  The officers discovered a blowup mattress, bank receipts, soiled gloves, and adult diapers.  In the spare tire attached to the underside of the van, the officers found 6,000 grams of cocaine.

Sarkis Labachyan and Sherman Johnson, Jr. were each charged with possession

with intent to distribute cocaine, 21 U.S.C. § 841(a), and conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846.  The district court denied Labachyan's and Johnson's respective motions to suppress the cocaine and the statements made to Deputy Olson during the traffic stop.

In a 2018 trial the jury ultimately found Labachyan and Johnson guilty of all charges, and the district court denied their motions for acquittal based on insufficiency of the evidence.  Two pieces of evidence nevertheless support a reasonable belief that Johnson knew about the cocaine.  One is the presence of adult diapers in the van.  The jury could have believed Deputy Olson's testimony that adult diapers are used "in the process of transporting narcotics" by those "trying to get from Point A to Point B as fast as possible."  The jury could have reasonably inferred that the diapers' conspicuous presence in the van tipped Johnson off that the purpose of this trip was to haul drugs.

-     Other evidence tending to show Johnson's knowledge is his trip with Labachyan two months prior, when the two were stopped traveling through Nebraska in a rented van with $19,000 cash concealed in named envelopes with Spanish names.  Johnson denied the existence of this money before its discovery, and afterward claimed (rather implausibly) that it was his life savings.  The jury could have inferred guilty knowledge from defendant's unlikely story. A reasonable inference from this evidence is that Johnson and Labachyan had been moving drugs on that drive too and that drug runs were a routine for Labachyan  and  Johnson,  belying either's ignorance of the presence of cocaine in this case. The evidence was sufficient for a reasonable jury to find both Labachyan and Johnson guilty beyond a reasonable doubt.

The Brady rule, named after Brady v. Maryland, requires prosecutors to disclose material and exculpatory information in the government's possession to the defense. Brady

material, or the evidence the prosecutor is required to disclose under this rule, includes any information favorable to the accused which may reduce a defendant's potential sentence, go against the credibility of an unfavorable witness, or otherwise allow a jury to infer against the defendant's guilt. In United States v. Bagley, the Supreme Court eliminated this request requirement and stated that the prosecution has a constitutional duty to disclose all material, favorable information in their possession to defendants regardless of whether it is requested. This duty is breached regardless of whether that information is withheld intentionally or unintentionally.

Related to the April 16, 2016, stop, Sherman Johnson, Jr. was given a blank Dispatch report issued by the Lancaster County Sheriff's Office. Upon information and belief said complete dispatch report will show that the above – referenced envelops with "Spanish" names were not mentioned in the written narratives. In this regard, Sherman Johnson, Jr. Seeks the all exculpatory evidence not disclosed by United States federal Prosecutor, including but not limited to El Paso Intelligence Center (EPIC) Dispatch Reports located at: 11339 Ssg Sims St, Fort Bliss, TX 79918 under the care custody and control of James R. Reed, Director of the El Paso Intelligence Center.

As to the April 16, 2016, stop, at the time of trial Sherman Johnson, Jr. was given a blank Dispatch report issued by the Lancaster County Sheriff's Office. Upon information and belief said complete dispatch report will show that the above – referenced envelops with "Spanish" names were not mentioned in the written narratives.

As to the June 21st, 2016, stop at the time of trial Sherman Johnson, Jr. was given approximately 120 photographs of the 222 photographs which include the crime scene photographs and those taken during the inventory search after said 3rd party vehicle was

impounded. However, upon information and belief None of the approximately 120 photographs received at the time of trial were from the crime scene. Upon information and belief, the 222 photographs meticulously document the crime scene and the evidence and the lack thereof and will show that there were no adult diapers in the vehicle at the time of the June 21st, 2016.

## COUNT 2 – VIOLATION OF CIVIL RIGHTS

1.    Plaintiff, Sherman Johnson, Jr. alleges the following violations of his civil rights 42

U.S. Code § 1983 which includes but is not limited to the following:

      a.      Due process under the 4th and 14th amendment of the US Constitution and bill of rights.

      b.      Right to fair Trial under the 6th amendment of the US constitution and Bill of Rights; and

      c.      Violations that this court may find at the time of trial on the merits allowed under the laws of the United States of America and the Great state of Texas.

## COUNT 3 - RELIEF SOUGHT

Sherman Johnson, Jr. Seeks as relief the El Paso Intelligence Center (EPIC) Dispatch Reports including written narratives from the April 16, 2016, stop and the June 21, 2016, stop located at: 11339 Ssg Sims St, Fort Bliss, TX 79918 under the care custody and control of James R. Reed, Director of the El Paso Intelligence Center.

Sherman Johnson, Jr. Seeks as relief Lancaster County Sheriff's office exculpatory evidence specifically Dispatch Reports from the April 16, 2016, stop including written narratives in addition to the following:

      a.  "Body worn camera and patrol car camera recordings from **April 16th, 2016,** of Sergeant Jason Mayo recorded on traffic stop between 1:30 PM to 2:00 PM eastbound on Interstate 80. Involving suspect Sherman Johnson, Jr.

      b.  A full copy of the dispatch report and all related recordings on audio for the

above reference traffic stop and all other written reports returning to the four references; and

    c.  If the above reference camera footage is no longer available, please supplement the subpoena request with the date and time said recordings were deleted.

located at: 575 S 10th St, Lincoln, NE 68508 under the care custody and control of Sheriff Terry Wagner Sheriff of Lancaster County, Nebraska.

       Sherman Johnson, Jr. Seeks as relief Lancaster County Sheriff's office exculpatory evidence specifically Dispatch Reports from the **June 21st, 2016,** stop including written narratives in addition to the following:

    a.  "Body worn camera and patrol car camera recordings from **June 21st, 2016,** of Sergeant Deputy Eric Olsen recorded on traffic stop between 6:30 AM to 8:00 AM eastbound on Interstate 80. Involving suspect Sherman Johnson, Jr.

    b.  A full copy of the dispatch report and all related recordings on audio for the above reference traffic stop and all other written reports returning to the four references; and

    c.  If the above reference camera footage is no longer available, please supplement the subpoena request with the date and time said recordings were deleted.

located at: 3601 North 156th Street Omaha, NE 68116 under the care custody and control of Sheriff Aaron W. Hanson Sheriff of Douglas County, Nebraska; and all general and equitable relief this Honorable Court deem necessary.

## PRAYER FOR RELIEF

       **WHEREFORE** Plaintiff Sherman Johnson, Jr prays that this Complaint be filed, and the Judgment granted in favor of Plaintiff, Sherman Johnson, Jr and all general and equitable relief

this Honorable Court deem necessary.

Respectfully submitted,

**DENNIS SPURLING PLLC**
**ATTORNEY AT LAW AND FRIENDS**


*/s/Dennis D. Spurling*

_____

DENNIS D. SPURLING (TB# 24053909)
J.P. Morgan Chase Bank Building
3003 South Loop West Suite 400
Houston, Texas 77054
Telephone- (713) 229 - 0770
Facsimile - (713) 229 - 8444
ddspurling@dennisspurling.com
**Attorney for Plaintiff Sherman Johnson, Jr**

7